1831.

The People v. Elmer.

</div>

---

### THE PEOPLE, ex rel. Griffith and others, *vs.* ELMER.

Upon a proceeding by attachment to compel an answer, retaining fees for solicitor and counsel cannot be taxed.

Where pleadings, depositions, reports or decrees do not contain more than a single page, they do not come within the 95th rule, requiring them to be paged.

The amount of sheriff's fees, stated in the return to an attachment, will be presumed correct until the contrary is shewn.

The defendant in an attachment cannot be charged for proceedings against the sheriff to procure a return of the attachment.

If the sheriff neglects to return the attachment by the return day thereof, an attachment may forthwith be allowed against him. And he is also liable for the damages and costs sustained by such neglect.

Where a party appealing from a taxation succeeds only as to part of the items as to which he appeals, neither party is allowed costs of the appeal; but where one of the parties is subjected to additional expense in repelling pre-

sumptions arising from affidavits on the other side which are deceptive and calculated to mislead the court, such additional expense will be allowed against such adverse party.

THIS was an appeal from the decision of the vice chancellor of the eighth circuit upon the taxation of the relator's costs in this case. The costs arose upon a proceeding by attachment against the defendant for not putting in an answer. The vice chancellor allowed retaining fees for solicitor and counsel on the attachment. Other items allowed on the taxation were also objected to, which are referred to in the decision of the chancellor.

*G. C. Bronson,* for the relators.

*Julius Rhoades,* for the defendant.

THE CHANCELLOR. The retaining fees were improperly allowed in this case. The proceeding by attachment against the defendant to compel an answer, is a proceeding in the original suit against him. The ordinary practice of this court to compel obedience to interlocutory orders and decrees is by attachment. The legislature never contemplated an allowance of eight dollars to the solicitor and counsel as retaining fees in every proceeding of this kind. The case of *The People* v. *Chapman,* (1 *Cowen's Rep.* 214,) was not like the present. That was a proceeding against an officer of the court, who was not a party to the original suit, to punish him for a neglect of official duty. It was neither in form or substance a proceeding between the parties in the original cause; and as against the defendant in that proceeding, it might perhaps be considered as a new suit. But even in that case, the court considered the relator as the real party, and the attachment as a proceeding to obtain a debt of less than $250. Common pleas costs were for that reason considered the proper rate of allowance, although the proceedings were nominally in behalf of the people, who were entitled to full costs in suits prosecuted by them in the supreme court.

The taxing officer was right in disregarding the objection that the petition and other papers were not paged in conformi-

ty to the 95th rule of the court. As none of the papers contained more than a single page, they did not come within the spirit of that rule, and the objection was frivolous. Even the decretal order, although it covers about five lines more than one page on the common sized paper upon which it is copied, could not have filled an entire page in the clerk's minutes of decrees, where it was entered.

The sheriff's fees, as returned on the attachment, must be presumed to be correctly charged by him until the contrary is shown, unless it appears that they could not have amounted to so much. The sheriff is entitled to 50 cents for serving an attachment; and he is to be allowed for copy of the process, mileage, bail bond where bail is allowed, receiving the defendant in prison when he is committed for want of bail, and for returning the writ, as in other cases. There is nothing from which the court can be certain that the fees in this case did not amount to the sum charged. The affidavit produced before the taxing officer, that the attachment was returned without being served, is shown to be incorrect, both by the affidavit of the deputy sheriff, and by the return upon the attachment itself.

Some other charges, however, have been allowed in this case which were not taxable against this defendant, and, I presume, they would not have been allowed if they had been objected to, and the attention of the taxing officer had been called to the provisions of the statute on the subject. I allude to the charge by the solicitor of $1,26 for drawing and engrossing a bond to be sent to the sheriff with the attachment, and to the charge for proceedings against the sheriff to procure a return of the attachment. Where the process is bailable, and the defendant consents to give bail, it is the duty of the sheriff to prepare the bond in the same manner as on the arrest of a defendant upon a capias, varying the condition of the bond so as to conform to the provisions of the statute. (2 *R. S.* 537, § 13.) And for such bond, the sheriff is entitled to 37½ cents, only. In this case no bond was taken by the sheriff, as the defendant was in custody on a ca. sa.

The defendant was not answerable for the neglect of the sheriff to return the attachment. The statute makes it the

special duty of the sheriff to return the attachment by the return day specified therein, without any previous rule or order for that purpose ; and in case of default, an attachment may be forthwith allowed against him for such neglect. (1 *R. S.* 537, § 17.) The sheriff is bound to have the attachment returned to the court at the time and place appointed for the return thereof. And if he is ignorant of the duty which the law has imposed upon him, or wilfully neglects it, he must pay the damages and costs to which the parties have been subjected.

The objectionable items amount to $12,53. And in an ordinary case this sum would be deducted from the taxed bill, and neither party would be allowed costs, as the party appealing from the taxation has succeeded only as to a part of the items specifically objected to in the papers on which the appeal was founded. (2 *Paige's Rep.* 354.) But in this case the relators have been subjected to at least $5 additional expense in producing affidavits and other documents to repel presumptions arising from the affidavits on the other side which were altogether deceptive, and calculated to mislead the court. The sum of $7,53 only must therefore be deducted from the costs as taxed by the vice chancellor ; and the residue of the taxed bill, or so much thereof as still remains due, must be paid to the relators' solicitor.